## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 04 2016, 9:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

<table>
<tbody>
<tr><td>

ATTORNEY FOR APPELLANT

Ellen M. O'Connor
Marion County Public Defender
Indianapolis, Indiana

</td><td>

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

</td></tr>
</tbody>
</table>

# IN THE
# COURT OF APPEALS OF INDIANA

<table>
<tbody>
<tr><td>

Nikia Hayes,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

</td><td>

August 4, 2016

Court of Appeals Cause No.
49A04-1512-CR-2197

Appeal from the Marion County
Superior Court

The Honorable William J. Nelson,
Judge

The Honorable Shannon Logsdon.
Commissioner

Trial Court Cause No.
49G18-1406-FD-32036

</td></tr>
</tbody>
</table>

**Barnes, Judge.**

# Case Summary

[1] Nikia Hayes appeals her conviction for Class D felony theft. We affirm.

# Issue

[2] Hayes raises one issue, which we restate as whether the evidence is sufficient to support Hayes's conviction for Class D felony theft.

# Facts

[3] In 2014, Hayes was part of a company car pool. Hayes, her child's father Dominique Crane, Dominique's brothers Derrick and Desmond Crane, and Aaron Dixon all worked the 4:00 p.m. to 12:00 a.m. shift at PTG Logistics in Plainfield. Hayes drove her truck and paid for food and cigarettes for the men while on work breaks. When Dixon began riding in the car pool, he had a brief, verbal discussion with Hayes and Dominique about paying $20 per week for gas and snacks. Hayes's truck was later damaged in an accident, so Desmond took over driving the car pool.

[4] On June 13, 2014, Desmond stopped at a gas station so everyone could cash their paychecks. Dixon bought a pack of cigarettes and gave it to Hayes. Hayes told Dixon he should pay her sixty dollars for the three days she drove the carpool. Dixon paid Hayes twenty dollars, but Hayes did not believe it was sufficient. After leaving the gas station, Hayes and Dixon began to argue and curse at each other. Dixon asked Desmond to pull over because he intended to walk home. Desmond pulled the car over. Hayes and Dixon's verbal argument then turned physical when Hayes leaned over the seat and punched Dixon.

After Desmond exited the car, Hayes held down the driver's seat to prevent Dixon from pushing the seat up to exit the car. Hayes told Dixon that "[he's] gonna give her the money or [he's] not going nowhere." Tr. p. 15. Dixon was able to "fight his way out of the car." *Id*. at 16. After Dixon exited the car, Dominque held him in a bear hug while Hayes hit him in the eye over thirty times. Hayes threatened to take Dixon's entire paycheck, so Dixon finally gave Hayes the additional forty dollars. Once Dixon gave Hayes the money, the beating stopped. As a result of the beating, Dixon suffered a scratch to his cornea and a black eye. Dixon then walked home and called the police.

[5] The state charged Hayes with Class D felony theft and Class A misdemeanor battery resulting in bodily injury. In a bench trial, Hayes was found guilty as charged. Hayes was subsequently sentenced to 730 days for the theft conviction, with 724 days suspended, and 365 days for the battery conviction, with 359 days suspended. These sentences were to run concurrently. Hayes now appeals.

## Analysis

[6] Hayes argues that there is insufficient evidence to support her conviction for Class D felony theft. She does not challenge the battery conviction. When reviewing the sufficiency of the evidence, "appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict." *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the fact finder's role to assess the credibility of the witnesses and weigh the evidence. *Id*. Appellate courts must

consider conflicting evidence most favorably to the trial court's ruling and affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.*

[7] At the time of this incident, Indiana Code Section 35-43-4-2(a), provided that, "A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony."

[8] Here, Hayes beat Dixon to force him to give her money. Dixon refused to give Hayes the forty dollars she wanted and only gave Hayes the money to stop the beating. Hayes took Dixon's money and converted it to her own use when she put it in her pocket and walked away. Hayes argues that she did not exert unauthorized control over Dixon's money because it was a valid debt. However, a person cannot use violence to force another person to pay a debt.

[9] Hayes intentionally took Dixon's money, against his will, to deprive him of its value or use. This constituted theft.

[10] Given that Hayes intentionally exerted unauthorized control over Dixon's property, with the intent to deprive Dixon of any part of its value or use, we conclude there is sufficient evidence to support Hayes's conviction for Class D felony theft.

# Conclusion

The evidence is sufficient to support Hayes's conviction for Class D felony theft. We affirm.

Affirmed.

Vaidik, C.J., and Mathias, J., concur.